

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Roy A. Barton
County Attorney, Calhoun County
Port Lavaca, Texas

Dear Sir:

Opinion No. O-6126
Re: Under the facts set forth
what amount was the City of
Port Lavaca entitled to re-
ceive from the Tax Collector
of Calhoun County under the
terms of House Bill No. 7,
Chapter 458, page 780 of the
Session Laws of the 47th
Legislature, prior to the
effective date of the amend-
ment to the Act by the 1943
Legislature? And a related
question.

We have your letter of recent date reading as follows:

"* * * This inquiry has reference to the same acts of the Legislature as were examined in your Opinion No. O-6014, approved May 18, 1944, though it refers to other features of these acts than those already ruled upon by you.

"An audit and examination of the remission to the City of Port Lavaca by the Tax Collector of Calhoun County under the provisions of HB No. 7, Chapter 458, page 780 of the 47th Legislative Session Laws as amended by SB No. 175, Chapter 128, page 208, Sessions Laws of the 1943 Legislative Session has just been completed for the period covered by both these acts September 1st, 1941 thru June 30th, 1944.

"The Auditor's findings were that the City of Port Lavaca had been overpaid during this period by the Calhoun County Tax Collector in the sum of $8,292.62, and recommended that this sum be refunded to Calhoun County by the City of Port Lavaca and that the sum of $807.61 now held in escrow by the Tax Collector be paid over to Calhoun County under the terms of S. B. No. 175, Chapter 128, page 208 of the 1943 Session Laws.

"The Auditors based their findings on the following conclusions:

"1. That under the 1941 Act being H. B. No. 7, Chapter 458, page 780 of the Session Laws of the 47th Legislature, as amended by S. B. 175, Chapter 128, page 208 of the 1943 Session Laws the City of Port Lavaca was only entitled to receive from the Tax Collector of Calhoun County during the period from the effective date of the 1941 Act to the effective date of the 1943 Act an amound sufficient to cover the annual Sinking fund requirements for bonds then issued and sold under the provisions of the 1941 Act.

"2. That from the effective date of the 1943 Act that the City of Port Lavaca was entitled to receive from the Tax Collector of Calhoun County a sum sufficient to cover the annual Sinking fund requirements of bonds then issued and sold plus 20% of such annual requirements (until 2 years such annual requirements had been accumulated).

"3. It was under this interpretation of these Acts that the alleged overpayments to the City of Port Lavaca was ascertained.

"4. The Mayor of the City of Port Lavaca protested the findings of the Auditors, and claims that under the terms of the 1941 Act the City of Port Lavaca was entitled to all of the taxes collected for the State General Fund by the Calhoun County Tax Collector up to the effective date of the 1943 Act and thereafter was entitled to the annual Sinking fund requirements plus 20% of same, and in case his first contention is ruled out that the 20% pemission for the so-called eusion fund was made retroactive byethe 1943 Act and therefor should commence with the first collection under the 1941 Act instead of when the 1943 Act became effective as contended by the Auditors.

"We respectfully request your opinion on the following points:

"1. Taking into consideration the 1943 Amendment to the 1941 Act, what amount was the City of Port Lavaca entitled to receive from the Tax Collector of Calhoun County under the terms of H. B. No. 7, Chapter 458, page 780 of the Session Laws of the 47th Legislature, prior to the effective date of the Amendment to the Act by the 1943 Legislature?

"2. What amount was the City of Port Lavaca
entitled to receive from the Tax Collector of
Calhoun County under the terms of S. B. no.
175, Chapter 128, page 208, Session Laws of
1943, which amended the Act mentioned in the
preceeding paragraph?

Answering your first question, we quote Section 2 of
the 1941 Act, which is in the following language:

"For a period of twenty (20) years, com-
mencing on September 1, 1941, following the pass-
age of this Act, there is hereby donated and granted
by the State of Texas to the City of Port Lavaca,
Calhoun County, Texas, all of the net amount of all
State ad valorem taxes levied and collected for State
general purposes, on all property, real and personal,
including the rolling stock belonging to railroad
companies (which shall be ascertained and apportioned
as now provided by law) in Calhoun County. Said money
when received by the City of Port Lavaca shall be used
by such City as an agency of the State of Texas, in
the manner provided in this Act, for the construction,
repair and improvement of sea walls, breakwaters and
harbors. "

The bonds of the City of Port Lavaca were sold while
the above section was in effect and it is our opinion that under
its terms the City of Port Lavaca was entitled to receive all of
the net amount of ad valorem taxes collected for the State General
Fund by the Tax Collector of Calhoun County up to the effective
date of the 1943 Act.

Section 3 of the 1943 Act reads as follows:

"Provided, however, that regardless of the fore-
going provisions the amount donated to the City of Port
Lavaca, Calhoun County, Texas, shall hereafter be limited
to an amount not in excess of sum sufficient to pay the
principal, interest and other legal charges, plus twenty
(20%) per cent of the annual requirements, until such
time as a reserve of two (2) years' requirements have
been accumulated, in the sinking fund on all bonds
heretofore voted, sold, issued and delivered by the City
of Port Lavaca, Texas, and paid for by the purchasers
thereof, and now outstanding, under the authority of this
Act. Any excess over that amount is hereby donated to
Calhoun County, Texas, for the protection of that part
of the county outside of the City of Port Lavaca, Texas,

against calamitous overflows, by the construction of seawalls, breakwaters and levees.  At the end of each month the Assessor and Collector of Taxes of Calhoun County, Texas, shall make an itemized report under oath to the Comptroller of Public Accounts of the State of Texas, on forms to be furnished by the Comptroller, showing the amount of all ad valorem taxes collected by him for state general purposes upon real and personal property within the County of Calhoun, including rolling stock of railroad companies, as hereinabove provided, and he shall accompany the same with an itemized statement showing the full disposition of all taxes collected and disposed of as herein provided.  Prior to the making of the aforesaid statement, at the end of each month the City Treasurer of the City of Port Lavaca shall under oath make an itemized statement to the Assessor and Collector of Taxes of Calhoun County, disclosing the status of current or past due requirements of principal, interest and reserve on bonds outstanding under authority of this Act.  The said Assessor and Collector of Taxes shall thereafter forward his report to the Comptroller and shall make a like report to the City Treasurer of the City of Port Lavaca and to the County Treasurer of Calhoun County, Texas, and he shall pay over to the City Treasurer of the City of Port Lavaca an amount equal to but not in excess of the amount necessary for interest and sinking fund requirements in accordance with the sworn statement made by the City Treasurer out of moneys collected by him during the month from state ad valorem taxes levied for general purposes.

"Any excess moneys collected from said source, after deducting such amounts as are allowed by law for assessing and collecting said taxes and after the required payment has been made to the City Treasurer of the City of Port Lavaca as hereinafter provided, shall be paid by said Assessor and Collector to the County Treasurer of Calhoun County, Texas.   On the occasion of each such remittance the City Treasurer of Port Lavaca and the County Treasurer of Calhoun County, shall each, respectively, execute a receipt in duplicate showing the amount of money received by him forwarding one executed copy to the Assessor and Collector of Calhoun County and another copy to the Comptroller of Public Accounts of the State of Texas.  The County Treasurer shall place all moneys received by him as herein provided in a special account in the County Depository, to be known as the Flood Control Account, and in order to accomplish all legal purposes for the use of such fund, shall, under the control of the County Commissioners' Court of said County, have all of the powers and duties as hereinafter provided for the City of Port Lavaca."

Under the foregoing it will be seen that the City of Port Lavaca "shall hereafter be limited to an amount not in excess of a sum sufficient to pay the principal, interest and other legal charges, plus 20% of the annual requirements, until such time as a reserve of two years' requirement have been accumulated in the sinking fund on all bonds voted, sold, issued and delivered by the City of Port Lavaca and paid for by the purchasers thereof, and now outstanding, under authority of this Act. Any excess over that amount is hereby donated to Calhoun County, Texas * * *."

The only use the City can make of the funds so donated is to pay the principal, and other legal charges on bonds outstanding and when it has accumulated a sufficient reserve to meet the annual requirements for two years, taxes collected thereafter in excess of the amount required to service the outstanding bonds for that year should be paid to the County Treasurer to be placed in a special account in the County Treasury to be known as "The Flood Control Account."

Whatever surplus the City had accumulated prior to the effective date of the 1943 amendment should be taken into account in determining whether the City has on hand a reserve equal to two years' requirement. The purpose of the 1943 amendment was to limit the amount to be paid to the City to an amount sufficient to pay the annual requirements for one year plus an amount sufficient to service the bonds for the next two years.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *C. F. Gibson*

C. F. Gibson
Assistant

CFG:EP

APPROVED
OPINION
COMMITTEE
BY BWB